# ZARWIN ♦ BAUM ♦ DEVITO
## KAPLAN ♦ SCHAER ♦ TODDY ♦ P.C.
### ATTORNEYS AT LAW

**ANTHONY R. TWARDOWSKI**
Member PA Bar
artwardowski@zarwin.com
Direct Fax: 267-765-9671

July 23, 2013 ~~2014~~ [handwritten: 2014]

**VIA HAND DELIVERY**

The Honorable Gene E.K. Pratter
United States District Judge
United States Courthouse
601 Market Street
Room 7614
Philadelphia, PA 19106

    Re: **Rapid Circuits, Inc., et al. vs. Sun National Bank, et al.
          USDC – EDPA, Civil Action No.: 10-cv-6401**

Dear Judge Pratter:

    Pursuant to this Court's July 17, 2014 Order, please allow this correspondence to serve as a response to Mr. Hudson's July 13, 2014 letter and Mrs. Zysk's July 15, 2014 Response to Sun's July 9, 2014 Letter to the Court.

    With respect to Mr. Hudson's correspondence, although Sun disagrees with Mr. Hudson's calculation of the amount due as $2,151,223.28, in the interest of judicial economy and with the hope of finally resolving this matter without wasting any more of this Court's or the parties' time, Sun will consent to Mr. Hudson's calculation as to the judgment amount. Specifically, Sun agrees to the following calculations as provided in Mr. Hudson's correspondence to the Court:

| | | |
|---|---|---|
| $1,473,501.59 | - | Principal and Interest for Loan 6502904006 |
| $ 379,999.19 | - | Principal and Interest for Loan 6502914009 |
| $ 291,959.50 | - | Legal Fees |
| $ 5,763.00 | - | Late Fees |
| $2,151,223.28 | - | Total Amount Due |

    With respect to Mrs. Zysk's July 15, 2014 Response, as Sun has stated many times, Mrs. Zysk has unconditionally guaranteed payment of all amounts due and owing under the Notes, but her repayment obligations are limited to her spousal interest in the collateral pledged. Because of the impossibility of determining the actual value of the collateral and the necessity of a judgment to execute on such collateral, Sun seeks a

ZARWIN • BAUM • DEVITO • KAPLAN • SCHAER • TODDY • P.C.

*The Honorable Gene E.K. Pratter*
*July 23, 2014*
*Page 2*

money judgment in the amount of the default while limiting Sun's recourse to the collateral pledged. As discussed at length in Sun's Motion and Reply Memorandum, the fact that there is collateral securing the Guarantees does not preclude Sun from obtaining a judgment in the full amount of the default. Simply put, while the collateral may be limited, the amount due and the corresponding judgment is not. Sun is entitled to a monetary judgment in the amount of the outstanding balance of the Loans, not just the value of the collateral – the collateral is simply an asset pledged as additional security for a loan, not an indicator of the amount of the default.

The Guarantees are unconditional guarantees of the Loans, but the collateral which was given as security for the Loans is limited. The Third Circuit has defined an unconditional guaranty as "one whereby the guarantor agrees to pay or perform a contract on default of the principal without limitation. It is an absolute undertaking to pay a debt at maturity or perform an agreement if the principal does not pay or perform." Fireman's Fund Insurance Co. v. Joseph J. Biafore, Inc., 526 F.2d 170, 174 (2d Cir. 1975) (quoting Continental Leasing Corp. v. Lebo, 272 A.2d 193, 197 (Pa. Super. 1970)). Thus, although Sun can only look to certain collateral from Mrs. Zysk as security, she did guaranty the full amount of the Loans, not a portion thereof. Without a judgment to execute on such collateral, Sun has no recourse against Mrs. Zysk, which was clearly not the agreement the parties reached at the time they signed the loan documents.

The record reveals that there simply is no genuine issue of material fact requiring a trial and that Sun is entitled to judgment as a matter of law both with respect to its affirmative claims as well as on the counterclaims asserted by Mrs. Zysk and Mr. and Mrs. Hudson. Accordingly, Sun respectfully requests that the Court enter the revised proposed Order submitted herewith.

Respectfully,

Anthony R. Twardowski

ART/amm

cc: Arthur Hudson
    Theresa Hudson
    Francis Zysk
    Lorraine Zysk

26681/Judge Pratter ltr 7-23-14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAPID CIRCUITS, INC., ARTHUR L. HUDSON, THERESA G. HUDSON, FRANCIS E. ZYSK, and LORRAINE G. ZYSK <br><br> Plaintiffs, <br><br> v. <br><br> SUN NATIONAL BANK SUN BANCORP, INC. DEEB, PETRAKIS, BLUM & MURPHY, P.C., and INEZ M. MARKOVICH <br><br> Defendants. | CIVIL ACTION NO.: 2:10-cv-6401-GP |

## ORDER

**AND NOW**, this _____ day of _____, 2014, upon consideration of the Motion for Summary Judgment filed by Sun National Bank ("Sun") in the above consolidated action, and any response thereto, it is hereby **ORDERED** that Sun's Motion is **GRANTED** and Judgment is hereby entered as follows:

(1) in favor of plaintiff, Sun, on its affirmative claims in consolidated action 2:10-cv-5480 and against defendant, Arthur L. Hudson, in the amount of $2,151,223.28;

(2)     in favor of plaintiff, Sun, on its affirmative claims in consolidated action 2:10-cv-5481 and against defendants, Theresa G. Hudson and Lorraine G. Zysk, jointly and severally, in the amount of $2,151,223.28 (Sun's recourse against Mrs. Hudson and Mrs. Zysk being limited to the Hudson and Zysk home mortgages).

**BY THE COURT:**

_____

Honorable Gene E.K. Pratter, J.